In the Matter of SYDNEY DAVIDSON, an Attorney, Respondent.

First Department, October 9, 1931.

*Einar Chrystie,* for the petitioner.

*Sydney Davidson,* respondent in person.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York in January, 1918, at a term of the Appellate Division of the Supreme Court, First Department. The petition herein in brief charges the respondent with professional misconduct, as follows:

In October, 1927, he was retained to bring actions on behalf of David Peichert and Pauline Peichert to collect damages arising out of physical injuries suffered by Pauline Peichert in an accident. Thereafter David Peichert from time to time inquired of the respondent regarding the status of the claims and the respondent informed him that he had commenced actions to recover damages in accordance with the terms of his retainers; that the defendants in the actions had been served with process and that the cases were on the calendar of the court and would be reached for trial in due course. In May, 1930, David Peichert ascertained that the representations made by the respondent to the effect that actions had been commenced were false and that no actions had ever been commenced in behalf of the Peicherts. Upon these facts it is charged that the respondent neglected the interests of his clients and was guilty of false representations.

The respondent appeared and answered, and the matter was referred to one of the learned official referees. The latter has duly reported, and the matter is now before this court on a motion by the petitioner for such action as the court may deem proper.

In his answer and before the official referee the respondent admitted making the false representations with respect to the institution of the actions, and in attempted excuse offered the explanation that it was done merely to pacify his client pending such time as service of process could be effected. The respondent testified: " Then later, because he [Peichert] was coming up quite frequently, I thought I would satisfy him by saying that the case was on the calendar, which it was not, and I thought that I would jump out and serve the summons. * * * I told him the case was on the calendar, for which I apologized to Mr. Peichert, and I really did that because I felt a long period of time had gone and he had been coming there some time, every week, and I thought it best not to have him come up there and be annoying him and myself."

As noted above, the Peichert claims were placed with the respondent in October, 1927. Following the representations of the respondent that actions had been commenced, on May 28, 1930, David Peichert wrote the respondent asking for specific information with reference to the status of the case, the court in which the actions were pending, and the index number of the case. This letter was ignored by the respondent, as were letters subsequently written on behalf of the petitioner asking the respondent to explain the charges which had been made against him by Mr. Peichert.

The learned referee has found that the respondent has neglected the interests of his clients, made deliberate false representations

to them, and has failed to present any adequate excuse therefor. The record sustains clearly these findings.

The respondent should be suspended from practice for the period of six months, with leave to apply for reinstatement at the expiration of that time upon proof of his compliance with the conditions incorporated in the order.

MERRELL, McAVOY, MARTIN and SHERMAN, JJ., concur.

Respondent suspended for six months, with leave to apply for reinstatement at the expiration of that time upon proof of his compliance with the conditions incorporated in the order.