58

In the Matter of FRANCIS J. MCLAUGHLIN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, November 26, 1968.

*John G. Bonomi* (*Arthur J. Cooperman* with him on the brief), for petitioner.

*John P. Clarke* for respondent.

*Per Curiam.* Respondent, who was admitted to practice in 1934 by the Appellate Division, Second Department, was charged in four specifications with professional misconduct in his neglect of the interests of clients and misrepresentations in connection therewith. The Referee, to whom the matter was referred and who held hearings and took testimony, found that three charges (Charges I, II and IV) were duly established and that Charge III was not sustained. The Referee's report is in all respects confirmed and the motion by petitioner, insofar as it seeks to disaffirm the Referee's findings as to Charge III, is denied.

The charges, as sustained, and the evidence in support thereof, establish that the respondent was guilty of gross neglect in connection with the dismissal of three certain personal injury actions brought in behalf of clients. Such misconduct of respondent was aggravated by his actions and misrepresentations in an

effort to cover up his delinquencies, including false assurances to clients as to the status of their cases and misrepresentations to petitioner's counsel in that, on inquiry, he wrote such counsel that a motion to restore the particular action was pending whereas in fact such a motion had not yet been made. Furthermore, the respondent conceded that, taking a client's affidavit of merits signed in November, 1963, he notarized it as of March 31, 1965, when in fact she did not then appear before him. The affidavit, with its false and improper notarization, was then presented to the court in May, 1965, in connection with a motion to restore the action. Finally, in his testimony before the Referee, the respondent conceded that, prior thereto, he had falsely testified before petitioner's Grievance Committee that the particular client had signed and sworn to the affidavit before him in March, 1965, whereas she did not then in fact appear before him.

The respondent's gross neglect of the interests of his clients and his false representations to cover up his delinquencies, evidence serious professional misconduct justifying his disbarment from the practice of law (see *Matter of Modr*, 268 App. Div. 641; *Matter of Kaufman*, 252 App. Div. 280). In consideration, however, of his long standing and heretofore unblemished record as an attorney and in view of his belated efforts, apparently in good faith, to rectify the wrongs to his clients, we determine that he should be suspended from the practice of law for a period of 18 months. (See *Matter of Goldberg*, 29 A D 2d 297; *Matter of Babcock*, 230 App. Div. 323; *Matter of Davidson*, 233 App. Div. 311.)

EAGER, J. P., STEUER, TILZER, RABIN and MACKEN, JJ., concur.

Respondent suspended for a period of 18 months effective January 3, 1969.